# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JULIUS ELLIOTT, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 2:12-cv-07-JMS-DKL |
| ) | |
| WARDEN OF USP ) | |
| TERRE HAUTE, IN., ) | |
| ) | |
| Respondent. ) | |

**Entry and Order**

**I.**

Habeas petitioner Julius Elliott, Jr. is confined in this district and seeks a writ of habeas corpus based on part on his challenge to the conditions of his confinement. Habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention," *Leamer v. Fauver,* 288 F.3d 532, 540 (3d Cir. 2002), meaning, in part, that a challenge to the conditions of confinement may not be brought pursuant to 28 U.S.C. ' 2241. *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991); *Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 138-39 (7th Cir. 1995).

Accordingly, Elliott's habeas petition is summarily **denied** insofar as he challenges the conditions of his confinement. This disposition does not preclude any other appropriate remedy he may have to pursue such a challenge.

No partial final judgment shall issue at this time as to the claim dismissed in this Entry.

**II.**

Elliott also seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). He challenges the validity of his conviction entered in the United States District Court for the Eastern District of Pennsylvania.

The petitioner may have an uphill path to travel in demonstrating that a remedy via § 2241(c)(3) should be available to him. And it is his burden to show that such a remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

A writ of habeas corpus via § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence in those cases where § 2255 is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). A remedy via § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

On the basis of the foregoing, therefore, the petitioner shall have through **March 21, 2012**, in which to show cause why this action can proceed under § 2241 or why, in the alternative, it should not be transferred to the United States District Court for the Eastern District of Pennsylvania.

**IT IS SO ORDERED.**

Date: 02/02/2012

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Julius Elliott, Jr.
09054-158
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808