# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JULIUS ELLIOTT, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 2:12-cv-07-JMS-DKL |
| ) | |
| WARDEN OF USP ) | |
| TERRE HAUTE, IN., ) | |
| ) | |
| Respondent. ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

Petitioner Julius Elliott, Jr. is confined within this District serving the executed portion of the sentence imposed by the United States District Court for the Eastern District of Pennsylvania. Elliott seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained in this Entry, Elliott's petition for a writ of habeas corpus must be **denied.**

### Background

Elliott was convicted of two counts of armed bank robbery, two counts of bank robbery, and one count of bank larceny in connection with the robbery of three banks. He received an executed term of imprisonment of 300 months on May 9, 2015. Elliott's convictions were affirmed on direct appeal. See *United States v. Elliott*, 968 F.2d 14 (3rd Cir. 1992) (Table).

After his convictions were affirmed, Elliot sought relief pursuant to 28 U.S.C. § 28 U.S.C. § 2255. The trial court denied that motion in *United States v. Elliott*, 1995 WL 579950 (E.D. Pa. 1995) (unpublished). That decision was affirmed in part and reversed in part in *United States v. Elliott*, 47 F. 3d 1162 (3d Cir. 1995) (Table). On remand, the district court again denied Elliott relief on his § 2255 motion. See United States v. Elliott, 1995 WL 579950 (E.D.Pa. 1995) (unpublished).

Elliott filed another § 28 U.S.C. § 2255 motion in the trial court in 1996. That second § 2255 action presented Elliott's claims that the jury had been improperly instructed regarding armed bank robbery, that the court had imposed a sentence in excess of the statutory maximum, and that Elliott was innocent of using firearms during his offenses. This second § 2255 action was transferred to the Third Circuit Court of Appeals for any determination pursuant to 28 U.S.C. § 2244(b) could be made. The Third Circuit rejected Elliott's application to file a second or successive 28 U.S.C. § 2255 motion, explaining that "Elliott has failed to make a prima facie showing that his claims rely either on a new rule of constitutional law made retroactively applicable by the Supreme Court or newly discovered evidence that, 'if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.'" *In re: Elliott*, No. 11-1847 (3d Cir. May 31, 2011) (unpublished).

The present action followed. This court summarily dismissed the portion of Elliott's habeas petition wherein he challenged the conditions of his confinement. See *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The remaining claims challenged the validity of Elliot's conviction and after a supplement was filed the respondent was directed to show cause why the relief sought by Elliott should not be granted. Briefing followed, and the case has been at issue since October 11, 2012.

## Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity

to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

Elliott's habeas claims are that certain of his convictions are constitutionally infirm and that his sentence is excessive. These claims were also part of the 28 U.S.C. § 2255 motion filed in 1996. He was not permitted to proceed in that case because of the prior § 2255 action. That procedural bar, however, does not render § 2255 either "inadequate or ineffective to test the legality of [the] detention." Additionally, Elliott's claim of actual innocence is unpersuasive. Also, Elliott's suggestion that his claims may proceed via § 2241 because the trial judge has passed away is unsupported by facts or law.

Because Elliott's habeas claims were or could have been presented to the trial court, the remedy afforded by § 2255 was anything but "unavailable" or ineffective to test the validity of his conviction. It is not available for further review here.

## Conclusion

In sum, Elliott has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/28/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Julius Elliott, Jr.
No. 09054-158
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

Electronically Registered Counsel